UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

US DIAGNOSTICS, LLC,

         **Plaintiff,**

  -against-

DEPENDABLE DIABETIC SUPPLY, LLC,
SUNCOAST BILLING SOLUTIONS, LLC,
JONATHAN J. JOHNSON, and JOHN
DOES 1-10,

         **Defendants.**

------------------------------------------------------------x

1-11-16

1:13-cv-06480 (ALC) (RJE)

<u>ORDER ENTERING JUDGMENT</u>

**ANDREW L. CARTER, JR., United States District Judge:**

  On September 13, 2013, Plaintiff US Diagnostics, LLC ("US Diagnostics") commenced this action against Defendants Dependable Diabetic Supply ("DDS"), Suncoast Billing Solutions, LLC ("Suncoast"), and *pro se* Defendant Jonathan Johnson, alleging breach of contract, tortious interference, and conversion. (ECF No. 1.) Following an entry of default judgment against Defendants, the Court referred the matter to Magistrate Judge Rodney L. Ellis for a report and recommendation (the "Report") on damages. (ECF Nos. 36, 38.) Judge Ellis held an inquest on October 9, 2014, and filed the Report on August 13, 2015, recommending an award to Plaintiffs of $98,175.54, plus interest. (ECF No. 40.) No objection to the Report was filed. For the following reasons, the Court adopts the Report in its entirety.

## BACKGROUND

  The facts relevant to Defendants' liability and damages are set out in greater detail in the Report, but summarized here. Defendant Johnson was the sole member of limited-liability company DDS. On January 24, 2012, Johnson entered into an agreement with Plaintiff, under which Johnson agreed to transfer the entire profit and/or financial benefit of DDS to Plaintiff.

1

(ECF No. 1, Exh. 1.) Under the agreement, Johnson could not sell DDS assets or conduct business outside of the ordinary course, unless authorized or directed to do so by Plaintiff. (Id.). On August 13, 2013, Plaintiff informed Johnson by letter that it had conducted an audit into DDS and discovered unauthorized expenditures. (ECF No. 1, Exh. 2.) The letter directed Johnson not to use any company credit or debit cards and informed him that he would be personally liable for any expenditures made after the date of the letter. (Id.) On August 27, 2013, Plaintiff informed Johnson by letter that his services were no longer required. (ECF No. 1, Exh. 3.) On August 30, 2013, Johnson opened a checking account under DDS's name and transferred $30,000 from DDS into the new account. (ECF No. 1, Exh. 12.)

Plaintiff alleged in its complaint that Johnson had incurred $98,175.54 in unauthorized expenses in violation of the security agreement: 1) $44,620 in a loan to Suncoast; 2) $4,913.68 in insurance expenses; 3) $18,641.86 in personal expenses; and 4) $30,000 in a transfer from DDS to a checking account to which Johnson had sole access. (ECF No. 1.) After the inquest, Plaintiff submitted a declaration alleging that had Johnson abided by the terms of the security agreement, DDS's assets would have included approximately $225,000 more than they did. (ECF No. 39.)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Adams v. N.Y. State Dep't of Educ., 855 F.Supp.2d 205, 206 (S.D.N.Y.2012) (citing Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985)).

## DISCUSSION

After the entry of default judgment, Judge Ellis conducted an inquest into damages and found that Plaintiff had submitted sufficient documentary evidence to allow for a computation of damages with reasonable certainty. Judge Ellis recommended that the Court award damages of $98,175.54, in addition to $8,622.27 per New York's statutory interest rate, increased proportionally for each day after August 27, until the Report is adopted or modified. Judge Ellis declined to award the higher damages amount Plaintiff requested in its declaration, explaining that Federal Rule 54 requires that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Having reviewed the Report, to which no objection was made, the Court finds no clear factual or legal error and adopts the Report in its entirety.

## CONCLUSION

The Clerk of Court is directed to enter judgment for US Diagnostics, LLC, against Defendants Dependable Diabetic Supply, Suncoast Billing Solutions, LLC, and *pro se* Defendant Jonathan Johnson as follows: $98,175.54 in damages, and $8,622.27 in interest fees through August 27, 2015, increased proportionally applying a nine-percent per annum rate for each day after August 27, 2015, until this judgment is entered.

**SO ORDERED.**

Dated: January \_\_, 2016
      New York, New York

                                                  **ANDREW L. CARTER, JR.**
                                                  **United States District Judge**